THORP *v.* RILEY.

(*Superior Court of New York City, General Term.* October, 1888.)

1. DEPOSITION—ALLOWANCE OF INTERROGATORIES—STIPULATIONS.

In an action for money received, the answer alleged the rendition of services by defendant in procuring for plaintiff a business, in consideration of which plaintiff agreed that defendant should retain the money sued for, and that plaintiff had received advantages to that amount, which he had not restored. *Held,* that interrogatories relative to the value of the business to plaintiff were pertinent, and that they should not be disallowed on plaintiff's stipulating that the value of the business was of the amount sued for.

2. SAME—SETTLEMENT OF INTERROGATORIES—ANSWER.

On the settlement of interrogatories, the sufficiency of the answer should not be considered, but the pertinency of the interrogatories to the issue as made is alone to be considered.

3. SAME—APPEAL—REVIEW OF ORDER.

An order settling interrogatories to a foreign witness may be reviewed on appeal to the general term.

Appeal from special term.

Action by William P. Thorp against Henry A. Riley. The complaint alleged that on September 24, 1885, plaintiff, being then an infant of the age of 20 years and two months, intrusted to defendant $2,500 for investment in the north-west; that $1,500 have been repaid; that after plaintiff became of age he demanded the remaining $1,000, but defendant has refused to pay the same, and to give him securities therefor. The answer admitted the receipt of the $2,500, and the repayment of the $1,500; and for a separate defense, among others, alleged that between August 1, 1885, and November 24, 1885, in pursuance of plaintiff's expressed desire to engage in banking in the north-west, among the bankers and real-estate dealers of which defendant had a considerable acquaintance, and in pursuance of plaintiff's request for defendant's advice and assistance therein, defendant rendered personal services to plaintiff almost continuously, and that it was agreed that plaintiff and defendant should visit the north-west in company, and that, if plaintiff should secure a business there, defendant should receive for his services an interest of $1,000 in such business, on which he should receive his proportion of profits, but should receive nothing if such business was not obtained; that the visit was made, and, as a result of defendant's efforts, plaintiff, in December, 1885, secured a business, and became president and part owner of a bank, in Iroquois, Dak.; that in December, 1885, the parties agreed that, in consideration of defendant's release of his claim to an interest of $1,000 in the business, defendant should receive $1,000 in cash, the balance of the original deposit, after deducting $1,500, which defendant then agreed to send to plaintiff, and defendant agreed to release his interest in such business; that under such agreement plaintiff has received advantages of the value of $1,000, which he retains, and has not offered to restore; and that all such agreements were ratified by plaintiff after attaining his majority. Defendant asked for the settlement of interrogatories to a witness in Iroquois, Dak.; and among them defendant proposed to ask the witness whether a banking business at Iroquois was a paying or a losing one, and the amount of the capital and net profits thereon during the year 1885, and in December of that year, and what were the prospects of the business at the latter time; whether plaintiff became interested in the business, and what he was to contribute, and what his inter-

est and salary were to be; what was the stock of the bank, and whether plaintiff was a stockholder, and the amount of his stock, and the amount paid in upon it, and what dividends have been paid thereon, and the value of the stock at various times from March 1, 1886, to March 1, 1888; what moneys have been paid plaintiff as salary; what are the present condition of the bank, the amount of its profits and surplus, and undivided profits. These, and other questions in the same line, were objected to as immaterial, and were disallowed; plaintiff having filed a stipulation that the banking business obtained by him was of the value of $1,000. Defendant appeals from the order settling the interrogatories.

Argued before SEDGWICK, C. J., and INGRAHAM, J.

A. *Walker Otis*, for appellant.   *Francis Speir, Jr.*, for respondent.

PER CURIAM. The disallowance was made upon the settlement of the interrogatories, and an order disallowing the interrogatories was entered. *Uline* v. *Railroad Co.*, 79 N. Y. 179, determines that such an order can be revised upon appeal. The order did not disallow the interrogatories absolutely, as not pertinent to the issue. They appear to be pertinent to the issue. They were disallowed on the condition, which was complied with, that plaintiff should file a stipulation "that the banking business obtained by the plaintiff in Iroquois, Dak., was of the value of $1,000." It does not with certainty and beyond doubt appear that this admission would avail to support the answer as much as would answers to the interrogatories, if they should be favorable to defendant. Assuming, but not deciding, that the defendant might be forced to take an admission of a fact, instead of evidence of the fact, there should be no manner of doubt that the admission would benefit the defendant to the same extent that the evidence would. On the issues as made, the fact that the business was worth only $1,000 would not be as important to defendant as proof that it was worth $10,000 or more than $1,000. There might be at least, under the evidence, circumstances which could be considered by a jury as to the probability that the plaintiff made the arrangement pleaded in the answer. On the settlement of interrogatories, the sufficiency of the answer as a defense should not be considered. The pertinency of the proposed interrogatories to the issue, as made, is alone to be determined. In the present case, the proposed admission did not embrace profits from the business acquired by the plaintiff. Answers to the interrogatories might have disclosed that plaintiff did receive profit, and the answer set up as a defense the receipt of such profits. The order should be reversed, with $10 costs, and the interrogatories excluded, should be allowed.